IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jennifer King | Civil Action No. |
| Plaintiff | |
| v. | |
| Austin Telco Federal Credit Union | **JURY TRIAL DEMANDED** |
| Defendant | |

## CIVIL ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Western District of Texas and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Austin Telco Federal Credit Union, (hereinafter, Austin Telco) is a for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer

1

reporting agencies about consumer transactions. Austin Telco is a financial institution actively conducting business in Texas.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.  Defendant is reporting Plaintiff's Austin Telco Federal Credit Union (Austin Telco) account # 9344**** on Plaintiff's Trans Union and Equifax credit reports.

8.  Plaintiff's debt with Austin Telco arose from a signature loan. Austin Telco closed the account on 09/27/2018, after the account was closed with a zero balance. Plaintiff's payment obligations to Austin Telco ceased.

9.  The trade line was updated to reflect a $0 balance when the account was closed on 09/27/2018.

10. According to Plaintiff's Trans Union credit report dated 01/24/2019, Plaintiff's Austin Telco account was closed with a $0 balance on or about 09/27/2018. Despite the Austin Telco account being closed with a $0 balance on or around 09/27/2018, Austin Telco continued to report an erroneous pay status of "Account 30 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 01/24/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30 Days Past Due Date as of 01/24/2019. Not only is the Austin Telco account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

11.     According to Plaintiff's Equifax credit report dated 02/13/2019, Plaintiff's Austin Telco account was closed with a $0 balance on or about 09/2018. Despite the Austin Telco account being closed with a $0 balance on or around 09/2018, Austin Telco continued to report an erroneous pay status of "Account 30-59 Days Past Due Date" for the above listed account on Plaintiff's Equifax report dated 02/13/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30-59 Days Past Due Date as of 02/13/2019. Not only is the Austin Telco account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12.     The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "30 Days Past Due Date" or "30-59 Days Past Due Date" on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Austin Telco have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "30 Days Past Due Date" or "30-59 Days Past Due Date", the correct reporting would have reported the pay status as "closed".  Reporting the account as currently 30 Days Past Due Date or 30-59 Days Past Due Date appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the

inaccurate reporting of 30 Days Past Due Date or 30-59 Days Past Due Date is reporting as if Plaintiff is currently late on payments to Austin Telco even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, then the consumer cannot be late paying the balance, and the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

13. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Austin Telco account as reported by Trans Union, Equifax and Austin Telco to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

14. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

15. Plaintiff disputed the inaccurate late pay status on their Austin Telco account through a dispute letter sent to Trans Union and Equifax.

16. Austin Telco did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Austin Telco account.

17. Based upon information and belief, Trans Union and Equifax received Plaintiff's dispute and transmitted the dispute to Austin Telco, triggering the investigations duties for Defendant; however, defendant failed. Had Defendant conducted a proper investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong.

18. Austin Telco continues to report a pay status indicating that the debt is currently late.

## COUNT I
## AUSTIN TELCO'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE
## FAIR CREDIT REPORTING ACT

19. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

20. At all times pertinent hereto, Austin Telco was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

21. Austin Telco willfully and negligently supplied Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

22. Austin Telco willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Austin Telco conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

23. Austin Telco did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union and Equifax. Austin Telco's investigation was unreasonable and lacking because it failed to lead Austin Telco to correct the inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff. A reasonable investigation would have led Defendant to discover that they should not be reporting the account to Trans Union and Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Austin Telco account is being reported as a current past due obligation monthly, which is inaccurate.

24. Austin Telco willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

25. As a direct and proximate cause of Austin Telco failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

26. Austin Telco's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Austin Telco was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

### *Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports*

27. The Austin Telco account that was reported on Plaintiff's Trans Union and Equifax credit reports has been viewed by third parties all to the detriment and loss of the Plaintiff.

28. Plaintiff has suffered actual harm due to the reporting of the negative tradeline provided by Austin Telco on Plaintiff's Trans Union and Equifax reports even though Plaintiff put them on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

29. Plaintiff's credit report, credit information, and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on their credit report. The inaccurate information furnished by Austin Telco and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendant based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated: January 25, 2021

    Respectfully Submitted,

        /s/Dennis McCarty
        Dennis McCarty
        ATTORNEY FOR PLAINTIFF
        Mississippi Bar No. 102733
        Supreme Court of the United States Bar No. 302174
        Federal Bar No. 993800
        2931 Ridge Rd.
        Suite 101 #504
        Rockwall, TX 75032
        Telephone: 817-704-3375
        Fax (817) 887-5069
        dennismccartylaw@gmail.com